**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ROBERT S. JOHANNES,

                Petitioner,                      Case Number: 2:11-CV-10290

v.                                         HON. DENISE PAGE HOOD

WARDEN THOMAS K. BELL,

                Respondent.

_____/

**ORDER OF SUMMARY DISMISSAL WITHOUT PREJUDICE AND**
**DENYING CERTIFICATE OF APPEALABILITY**

      Petitioner Robert S. Johannes is a state inmate currently incarcerated at the Gus Harrison Correctional Facility in Adrian, Michigan.  He has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, claiming that he is incarcerated in violation of his constitutional rights.  The Court concludes that Petitioner has not properly exhausted his state court remedies and dismisses without prejudice the habeas corpus petition.

**I.**

      Petitioner pleaded no contest in Macomb County Circuit Court to two counts of second-degree criminal sexual contact.  On June 11, 2008, he was sentenced to seven to fifteen years' imprisonment for each count, to be served concurrently.

      Petitioner filed an application for leave to appeal in the Michigan Court of Appeals.  The Michigan Court of Appeals denied leave to appeal.  *People v. Johannes*,

No. 293839 (Mich. Oct. 5, 2009). He did not file an application for leave to appeal in the

Michigan Supreme Court.

Petitioner then filed the pending petition for a writ of habeas corpus. He raises the

following claims:

I.     Whether the respondent and his prison staff are unconstitutionally and
       illegally depriving Petitioner of his liberty and property in violation of his
       13th and 14th Amendment rights afforded him under the United States
       Constitution, and the federal criminal laws that enforce those rights, hence
       requiring this Court's issuance of a writ of habeas corpus and investigate
       Petitioner's claims and order him discharged from custody?

       A.     Whether respondent and his prison staff are depriving the Petitioner
              of his liberty and property without direction of a competent court's
              written final judgment of conviction, sentence and commitment to
              prison order, to which has not been duly executed, that is, duly
              signed by a competent Michigan criminal court?

       B.     Whether respondent and his prison staff's restraint of the Petitioner
              without direction from any competent court's written final judgment
              of conviction, sentence and commitment to prison order . . . violates
              Petitioner's rights under the United States Constitution's 13th and
              14th Amendments and the criminal laws that enforce such rights?

       C.     Whether respondent and his prison staff are restraining the Petitioner
              under a state circuit court's written final judgment of conviction,
              sentence, and commitment to prison order, . . . entered and issued by
              a court of competent judicial power and of criminal subject-matter
              jurisdiction?

       D.     Whether respondent and his prison staff's concerted and individual
              acts of depriving Petitioner of his liberty and property without
              authority contravenes the 13th and 14th Amendments to the United
              States Constitution?

## II.

Upon the filing of a habeas corpus petition, the Court must promptly examine the petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 cases. If the Court determines that the petitioner is not entitled to relief, the Court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856, 114 S. Ct. 2568, 2572 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"). The habeas petition contains only unexhausted claims; therefore, the petition will be dismissed.

A federal court may not grant habeas corpus relief to a state prisoner unless the prisoner first exhausts his remedies in state court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 119 S. Ct. 1728, 1731 (1999). "Ordinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations." *Prather v. Rees*, 822 F.2d 1418 (6th Cir. 1987). "This rule of comity reduces friction between the state and federal court systems by avoiding the unseemliness of a federal district court's overturning a state court conviction without the state courts having had an opportunity to correct the constitutional violation in the first instance." *O'Sullivan,* 526 U.S. at 845, 119 S. Ct. at 1732 (internal quotation omitted). State prisoners in Michigan must raise each claim in both state appellate courts before seeking federal habeas corpus relief. *See Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). The petitioner bears the burden of establishing exhaustion. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994); *Caver*

*v. Straub*, 349 F.3d 340, 345 (6th Cir. 2003).

In this case, Petitioner fails to satisfy his burden of showing exhaustion of state court remedies. He fails to show that he has appealed his conviction to the Michigan Supreme Court. His claims, therefore, are unexhausted.

Where a petition contains both exhausted and unexhausted claims, a district court may dismiss the unexhausted claims, retain jurisdiction over the exhausted claims, and stay proceedings pending exhaustion. *Rhines v. Weber*, 544 U.S. 269, 278, 125 S. Ct. 1528, 1535 (2005); *Griffin v. Rogers*, 308 F.3d 647, 652, n.1 (6th Cir. 2002). The Sixth Circuit Court of Appeals also has approved a district court's dismissal of a mixed petition where the district court's order of dismissal provided safeguards such that the dismissal would not jeopardize the timeliness of a future habeas petition. *Hargrove v. Brigano*, 300 F.3d 717, 719-721 (6th Cir. 2002). In this case, the petition contains no exhausted claims over which the Court may retain jurisdiction. The Court finds the most reasonable approach to be a dismissal without prejudice so that Petitioner may pursue exhaustion of his state court remedies. The Court is mindful that, in dismissing a petition without prejudice, a district court must not "'jeopardize the timeliness of a collateral attack.'" *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002), *quoting Zarvela v. Artuz*, 254 F.3d 374, 380 (2d Cir. 2001). The Court shall adopt the safeguards approved by the Sixth Circuit in *Hargrove*, 300 F.3d at 719-721. The Court shall dismiss the petition without prejudice and the one-year limitations period shall be tolled from the date Petitioner filed his petition, January 19, 2011, until he returns to federal court. This tolling of the

4

limitations period is conditioned upon Petitioner "pursu[ing] his state remedies within thirty days of [this court's Order] and return[ing] to federal court within thirty days of exhausting his state remedies." *Id.* at 721. At this time, the Court makes no finding regarding the timeliness of this petition.

### III.

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S. Ct. 1595, 1603-04 (2000) (citation omitted).

In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that the petition should be summarily dismissed without prejudice. Therefore, the Court denies a certificate of appealability.

### IV.

Accordingly, for the foregoing reasons, IT IS ORDERED that the petition for a writ of habeas corpus is DISMISSED WITHOUT PREJUDICE.

5

It is further ORDERED that a certificate of appealability is DENIED.


s/Denise Page Hood
DENISE PAGE HOOD
UNITED STATES DISTRICT JUDGE


Dated:  February 17, 2011


I hereby certify that a copy of the foregoing document was mailed to Robert Johannes #689879, Gus Harrison Correctional Facility, 2727  E. Beecher Street, Adrian, MI 49221 and the attorneys of record on this date, February 17, 2011, by electronic and/or ordinary mail.


s/LaShawn R. Saulsberry
Relief Case Manager, (313) 234-5165